UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

THOMAS ALVARADO,

        Plaintiff,

    v.

DEWAYNE HENDRIX; FCI SHERIDAN,

        Defendants.

Case No. 3:21-cv-01740-CL

ORDER

AIKEN, District Judge.

    Plaintiff Thomas Alvarado ("Plaintiff"), a self-represented litigant in federal custody at FCI Sheridan ("Sheridan"), filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's Complaint failed to state a cognizable claim for relief under *Bivens*, and the Court granted him leave to amend.

    In his Amended Complaint, Plaintiff alleges that Sheridan has been locked down for over eighteen months, during which time inmates have been permitted to leave their cells for only

1 – ORDER

fifteen minutes per day to shower or use the phone and have been given food that is cold and hard. (Am. Compl. (ECF No. 7), at 2.) Plaintiff claims that for the duration of the eighteen-month lockdown, he has been denied access to any kind of grievance procedure, the law library, or his legal papers. (*Id.*) Plaintiff further alleges that after he tested positive for COVID-19 in December 2020, he was moved to the gymnasium where he slept and ate on a mattress on the floor and shared a single restroom with forty-five other inmates. (*Id.*) Plaintiff alleges that he was denied adequate medical care for his COVID-19 infection and for the numerous health issues he has suffered since. (*Id.*)

As pled, Plaintiff's allegations cannot sustain an Eighth Amendment claim for damages under *Bivens*. As an initial matter, a *Bivens* remedy has not been recognized in the context of inmate food distribution, lockdown conditions, or prison density. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1847 (2017). While a lack of medical care can support a *Bivens* claim, it must be premised on individual liability for the challenged conduct, and Plaintiff does not allege who was responsible for the denial of care or allege facts demonstrating Warden Hendrix's personal involvement.

However, Plaintiff arguably alleges a claim for injunctive relief. Plaintiff alleges that Warden Hendrix continues to impose severe and unconstitutional lockdown conditions under which inmates have no access to the grievance process, the law library, or medical care, and that his "medical condition is getting worse by the month[.]" (Am. Compl. at 1, 5.) Construed liberally, plaintiff seeks access to medical care, at minimum.

Accordingly, the Court construes Plaintiff's claim as one arising under the United States Constitution and seeking injunctive relief against Warden Hendrix in his official capacity. 28 U.S.C. § 1331; 5 U.S.C. § 702 (waiving sovereign immunity for federal actions "seeking relief

2 – ORDER

other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity"); *Solida v. McKelvey,* 820 F.3d 1090, 1096 (9th Cir. 2016) (explaining that a "*Bivens* action is not necessary in suits, such as this one, which seek equitable relief against the federal government"); *see also Corr. Servs. Corp. v. Molesko*, 534 U.S. 61, 74 (2001) (recognizing that "unlike the *Bivens* remedy . . . injunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally"); *The Presbyterian Church (U.S.A) v. United States*, 870 F.2d 518, 525 (9th Cir. 1989) (holding that "[Section] 702's waiver of sovereign immunity" is not "limited to suits challenging 'agency action'").

## CONCLUSION

Plaintiff sufficiently states a claim for injunctive relief against Warden Hendrix in his official capacity. The Court DISMISSES Plaintiff's *Bivens* claims without prejudice to reallege at a later stage of the proceedings.

The Court DIRECTS the Clerk of Court to provide Plaintiff with summons and Instruction Form USM-285. Plaintiff shall complete the summons and Instruction Form for the defendant and provide the complete mailing address for defendant on the summons and Instruction Form and return them to the Clerk of Court. The Court advises Plaintiff that he must check the box on Form USM-285 which reads "Check for service on U.S.A."

Upon receipt of the completed summons and Instruction Form, the Court ORDERS that the Clerk of Court to issue process. Service of the summons and Amended Complaint shall be made by the United States Marshals Service. Plaintiff sues Warden Hendrix in an official capacity and service may be effectuated by registered or certified mail. Fed. R. Civ. P. 4(i)(2).

The Court DIRECTS the United States Marshals Service to serve copies of the summons and Amended Complaint on: (1) the U.S. Attorney for the District of Oregon by delivery or by registered or certified mail; (2) the U.S. Attorney General in Washington, D.C., by registered or certified mail; and (3) Dewayne Hendrix by registered or certified mail.

IT IS SO ORDERED.

DATED this  10th  day of February, 2022.

                                                        /s/Ann Aiken
                                              Ann Aiken
                                United States District Judge

4 – ORDER